ANDREA PADILLA DÍAZ, Plaintiff and Appellee, *v.* CARLOS GARCÍA DE QUEVEDO, Defendant and Appellant.

No. 8679. Argued November 5, 1943.—Decided January 13, 1944.

*E. Martínez Rivera* for appellant. *Víctor M. Marchán* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

The appellant is a druggist who prepared, bottled, and sold a citrate of magnesia laxative and sent the same by messenger to the residence of the Fernández spouses, in San-

turce, who had ordered it. There it was received by the plaintiff, Andrea Padilla, and as soon as she took it in her hands, the bottle containing the citrate exploded and as a result she sustained a wound in her left eye with the loss of 70 per cent of the sight thereof. Based on those facts she alleged in her complaint for damages "that the explosion of the bottle was due solely to the negligence of the defendant in failing to prepare the laxative and to bottle the same with due care in accordance with the rules prescribed by the pharmacopoeia." The lower court, after hearing the evidence of the parties, sustained the complaint and adjudged the defendant to pay $600 and the costs. Thereupon the defendant took the present appeal and in support thereof he has assigned four errors. We shall consider them in their order.

1. The appellant maintains that the trial court erred in considering as properly identified and in admitting in evidence plaintiff's Exhibit 1, which consisted of the fragments of the bottle.

The evidence, which was accorded credit by the court, showed that when the bottle of citrate exploded in plaintiff's hand, the pieces of glass fell partly on the floor of the corridor and partly on the back yard of the house of the Fernández spouses; that the pieces which had fallen on the floor were picked up and the defendant's messenger carried them away, and that upon noticing that fact Mrs. Fernández, assisted by her maid, picked up the pieces found in the back yard. Said pieces of glass were identified and in connection with them the plaintiff testified that the bottle of citrate which she had held in her hands, although wrapped in paper, was not a round bottle but a "square" or "cornered" bottle.

In admitting the fragments of the bottle the court said:

"Judge:—The Court thinks that, although the evidence of identity is not indisputable but is rather circumstantial, it deserves credit at this time, and tends to identify that bottle as the one which was

delivered by the messenger. *It is within the power of the defendant to convince the Court that that is not the bottle, and until the contrary is shown to the Court, the Court overrules the objection and admits the evidence.*" (Italics ours.)

The appellant argues that "the court found that it was not incumbent on the plaintiff to prove that the pieces of glass offered in evidence had formed part of the bottle used by the defendant. This is contrary to every rule and principle of evidence."

If only that portion of the judge's remarks which we have underscored were read, it might be conceded that the appellant's contention is correct. However, from a reading of the whole of said remarks, the meaning of the language used by the judge appears to be quite different. He asserted that he already entertained the moral certainty that the pieces of glass had been duly identified and for that reason he admitted them in evidence; but that if the defendant should prove or show to him that those were not the pieces pertaining to the bottle, he would then reconsider his ruling. We are convinced that the court never had in mind to transfer, nor much less did it actually transfer, the burden of proof to the defendant. The first error assigned is nonexistent.

2 and 3. Similarly as to the second and third assignments, wherein the appellant says that the lower court held that the doctrine of *res ipsa loquitor* was applicable to the evidence introduced by the plaintiff and for that reason it denied the motion for nonsuit presented by the defendant and in doing so it stated that it was incumbent upon him "to show that he was not the person responsible in a case in which apparently something that he did or failed to do was the cause of the injury."

Although it is true that the foregoing did occur, it is no less true that after the defendant had introduced his evidence, the court, when deciding the case, in its opinion said:

"The negligence of the defendant seems clear to us. He used a bottle having less strength than the type recommended by the prudent standards of his profession for bottling citrate of magnesia. The defendant maintains that, even so, the strength of the bottle used was sufficient. In support of his contention, he carried out an experiment which showed that such citrate when bottled in the type of bottle which he had used does not always explode. This also happens with many careless acts; no damage necessarily arises unless other circumstances are present. And in the case of the explosion of a bottle of citrate, among the circumstances which may make an unsuitable bottle to explode, while not causing the explosion of another identical or similar bottle, are, for example, the difference in temperature, differences of amount or quality and quantity in each bottle, and differences in the exact strength of each bottle. Prudence demands that there should be used for the bottling of aerated beverages a bottle whose strength offers a certain margin of safety, and the defendant failed to use the type of bottle which in his profession is recommended as affording that margin of safety. He used a bottle of inferior strength and he was negligent in so doing.

"The negligence of the defendant having been established by the pleadings and the evidence, there is no occasion to apply to the case the doctrine of *res ipsa loquitor* which serves to establish an inference of negligence in cases where there is no proof of the specific act of negligence. See *Rodríguez* v. *White Star Bus Line*, 54 P.R.R. 294, and the cases therein cited."

So that the case was decided, not on the basis of the doctrine of *res ipsa loquitor,* but upon the existence, in the judge's opinion, of proof of the specific act of negligence alleged in the complaint, namely, the failure to bottle the laxative with due care in accordance with the rules prescribed by the pharmacopoeia. We do not deem it necessary to state anew the scope and application of the doctrine of *res ipsa loquitor,* for recently we took occasion to do so in the cases of *Rodríguez* v. *White Star Bus Line, supra,* and *Hermida* v. *Feliciano,* 62 P.R.R. 54, and we now confirm what we stated therein.

██ 4. In the last assignment, the appellant urges that the lower court erred in declaring and holding, by the weight of the evidence, that the defendant was guilty of negligence.

By the testimony of the experts introduced by both parties, it was established that the American Pharmacopoeia requires that *"a strong bottle of suitable capacity"* be used to bottle a citrate of magnesia; that a special kind of bottle, of the round type, admitted as plaintiff's Exhibit 2, is manufactured for that purpose; that there are also manufactured bottles, called prescription bottles, of the square type similar to plaintiff's Exhibit 3, which is identical or similar to the square type to which the pieces of glass (plaintiff's exhibit 1) of the bottle used for bottling the citrate preparation in this case correspond; that the round citrate bottles generally used by the druggists are stronger and offer a greater margin of safety than the bottle used in this case by the defendant. According to this evidence, the court did not err in holding that the defendant was negligent in using a bottle "having less strength than the type recommended by the prudent standards of his profession" and that "it is evident that the bottle broke because the pressure of the gas which it contained exceeded the strength of its sides."

The appellant errs in maintaining that there being other causes which might have produced the explosion of the bottle, such as an external blow, excessive shaking, deviations in the normal conditions of temperature, an apparent or hidden defect of the container, and the excessive use of ingredients in making the citrate preparation, the lower court could not hold the negligence of the defendant as proven until each and all of said causes had been eliminated. The fact is that the trial court eliminated, in accordance with the evidence to which it accorded credit, those factors when it said: "We know that there was no external blow, no excessive shaking, and the defendant assures us that he did not use any excessive amount of ingredients. There is no evi-

dence that the external pressure or the temperature was not normal nor that the bottle was defective in any way.'' This conclusion was supported by the evidence and we would not be warranted in disturbing it. Said factors having been eliminated, there only remained the inadequate strength of the bottle used. The negligent omission on the part of the defendant in failing to use a strong bottle of the round type, specially manufactured for citrates, was the cause of the accident, and the same is sufficient to render him liable for the damages caused.[1]

■ A druggist stands in a position of great responsibility in his dealings with the public. He is bound to act on every occasion with the highest degree of care. Any carelessness, however slight, or insignificant it may seem at the time, may cause great and irreparable damages to an innocent person who has no means of protecting or defending himself. As was said in the case of *Hoar* v. *Rasmusen,* (1935) 282 N. W. 652, 654: ''The circumstances of a pharmacist's or druggist's calling demand the exercise of a high degree of care and skill, much care and skill as an ordinarily prudent person would exercise under those circumstances, *the highest degree of care and prudence consistent with the reasonable conduct of the business. The effect of a mistake may be swift and disastrous.''* (Italics ours.)

The defendant knew that the pharmacopoeia required the use of a stronger bottle for bottling citrates. He kept in his drug store bottles of a special round type used for such purpose. But he negligently used a weaker bottle winch exploded, causing the serious and permanent injury sustained by the plaintiff who has lost 70 per cent of the sight of one

---

(1) The leading case on the subject, where the rules of the common law were applied, is that of *MacPherson* v. *Buick Co.,* 217 N.Y. 382, 111 N.E. 1050 (1916), in which Judge Cardozo wrote one of his most famous and discussed opinions. See Bohlen, ''Fifty Years of Torts,'' 50 Harv. L. Rev. 1235, and Seavey ''Mr. Justice Cardozo and the Law of Torts,'' 52 Harv. L. Rev. 372.

of her eyes. He is, therefore, responsible for the damages caused.

The judgment appealed from should be affirmed.

Mr. Justice Snyder did not participate herein.